OLIVER, *Appellant*, v. GOETZ *et al.*

Division One, December 10, 1894.

**Lease:** FORFEITURE: EJECTMENT.   An owner made a lease of valuable mineral lands in consideration that the lessee would establish and maintain manufactories thereon, dig and quarry stone and other mineral substance therefrom, and of the payment of one dollar for each car load of mineral mined; the lessee failed to erect the manufactories or to work the mineral, but, after the execution of the lease and the carrying away of some material as specimens, joined a pool by which he agreed not to work the mineral for three years. *Held*, in ejectment by the lessee to obtain possession, that he had forfeited his right to the premises and could not recover.

*Appeal from Franklin Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*D. C. Taylor* and *T. A. Lowe* for appellant.

(1) The contract was enforceable: *First*. Because of the fact that Oliver had been put in possession of the land by Smith, and had exercised all the rights of possession, by going upon said land at various times, and taking therefrom stone, and by taking other parties upon it, all of which was well known to Smith and acquiesced in by him. *Second*. Because Oliver had laid out and expended a large sum of money in making tests, analysis, etc., of the stone on said land, and the lime made therefrom, for the purpose for which it was leased, thereby having partially performed his part of the contract. *Third*. Because said contract was a simple lease, reduced to writing, signed and sealed by the parties, and because the time, work, labor, tests and

analysis made by Oliver, had been beneficial to Smith, the party making the lease, and costly and expensive to the lessee. *Boone v. Stover*, 66 Mo. 430; Bishop on Contracts, secs. 23 and 435; *Van Valkenburgh v. Smith*, 60 Maine, 97; *Sharrington v. Strotten*, 1 Plow. 289; *Page v. Trufant*, 2 Mass. 159; *Douglass v. Howland*, 24 Wend. 35; 3 Parsons on Contracts [5 Ed.], p. 59; Story on Contracts, sec. 548; *Stilwell v. Aaron*, 69 Mo. 545; *Burr v. Wilcox*, 13 Allen, 273. A promise for a promise is good consideration. 1 Parsons on Contracts [5 Ed.], 448. A contract under seal needs no consideration to support it. 3 Am. and Eng. Encyclopedia of Law, p. 872, and cases cited; 1 Par. on Contracts, [5 Ed.], 428. (2) When the parties themselves do not make time the essence of the contract, a court of equity should not do so for them. *Melon v. Smith*, 65 Mo. 315; 2 Story's Equity, sec. 776; Bingham on Sales, sec. 782; *Mix v. Baldace*, 78 Ill. 217; *Mastin v. Grimes*, 88 Mo. 478; *Pomeroy v. Fullerton*, 113 Mo. 440; *Smith v. Profitt's Adm'r*, 1 S. E. Rep. (Va.) 67; *Presido Min. Co. v. Bullis*, 4 S. W. Rep. (Tex.) 860; *Frink v. Thompson*, 25 Pac. Rep. (Ore.) 717; *Loan and Trust Co. v. Railroad* (Cir. Ct.), 47 Fed. Rep. 343. (3) When time is not mentioned, one of the parties can, by notice to the other, make time of the essence of the contract. *Hubbel v. Vonschroeder*, 49 N. Y. App. 331; *Mastin v. Grimes, supra;* Pomeroy on Specific Performance, sec. 395; Waterman on Specific Performance, sec. 465; 2 Parsons on Contracts [5 Ed.], p. 662. (4) Courts of equity do not sit to relieve parties who refuse or neglect to exercise due diligence. *Chamberlain v. Pitts*, 1 Mo. App. 183; Bispham's Equity [2 Ed.], sec. 260. (5) A party claiming to be injured by fraudulent representations, must make his objections known in a reasonable time after he discovers the fraud or falsehood. Acquiescence concurs. *Ins.*

*Co. v. Huhlman*, 6 Mo. App. 522; *Taylor v. Short*, 107 Mo. 384. (6) The burden of establishing fraud is upon the party charging it, and where the evidence is as favorable to honesty as to dishonesty, the doubt should be solved in favor of the former. *Web v. Darby*, 94 Mo. 651; *Dallam v. Renshaw*, 26 Mo. 544; *Page v. Dixon*, 59 Mo. 43; *Chapman v. McIlrath*, 77 Mo. 38; *Pomeroy v. Benton*, 77 Mo. 64; *Ridge v. Green-well*, 53 Mo. App. 479. (7) Fraud must be proven by other testimony than that of the plaintiff. *Jackson v. Wood*, 88 Mo. 76; *Priest v. Way*, 87 Mo. 16. Mere suspicion of fraud is not sufficient. *Laughlin v. Agnew*, 70 Mo. 48; *Hill v. Reifnider*, 46 Md. 555; Cooley on Torts [1 Ed.], 475; *Crow v. Andrews*, 26 Mo. App. 160. (8) An action based upon the deceit, or fraudulent representations of another, can not be maintained in the absence of proof that the party making them had good reason to believe, at the time, that they were false, and it must appear that the other party relied upon them, and was deceived to his injury. *Dulany v. Rodgers*, 64 Mo. 201; *Anstee v. Ober*, 26 Mo. App. 665; *Anderson v. McPike*, 86 Mo. 293; Bigelow on Frauds, sec. 87. Nor can a party, who has participated in a fraud, be heard to complain. Bispham's Equity [2 Ed.], sec. 204. (9) A party wishing to rescind a contract must give notice to the other party, of his intention so to do, before the other party has performed any part of it. *Gaty v. Sack*, 19 Mo. App. 470; *Rings v. Richardson*, 53 Mo. 385; *Kennedy v. Kennedy*, 57 Mo. 73; *Wovley v. Dryden*, 77 Mo. 226; *Melton v. Smith*, 65 Mo. 315; *Mastin v. Grimes*, 88 Mo. 478; *Walton v. Miller*, 10 Iowa, 429; 3 Am. and Eng. Encyclopedia of Law, p. 889. Evidence of this character should be received with caution. 1 Greenleaf on Evidence, secs. 45, 97, 200. When a contract is partly executed, it can only be canceled by agreement

under seal. 3 Am. and Eng. Encyclopedia of Law, p. 890; R. S. 1889, sec. 5183. (10) If Goetz bought the land from Smith, knowing that Oliver held a lease upon, and claimed it, then he was put upon inquiry, and should have investigated. *Chamberlain v. Pittz*, 1 Mo. App. 183. Record of lease, notice to Goetz.

*J. W. Booth* for respondents.

(1) The instrument set out in the answer upon which appellant's alleged right to possession is based is not a lease, though it uses words of demise, and though it mentions a term of thirty years. Whether it be a lease or a license, is to be made out from the instrument as a whole, not from the use of particular words appropriate to a lease. 1 Wood on Landlord and Tenant [2 Ed.], p. 465, sec. 223. A lease for years is a contract for the exclusive possession of lands or tenements. *Ibid.*, sec. 223. Said instrument is not such a contract. (2) Said instrument is void for uncertainty. A lease to commence on a contingency which must happen is valid; but it is of the essence of a term of years to be fixed and determined, and, therefore, unless some certain beginning or event is referred to by which the period of its commencement may be ascertained, it will be void for uncertainty. 1 Taylor's Landlord and Tenants [8 Ed.], pp. 81, 82, sec. 70. (3) Said instrument is void as to Smith for want of consideration. Some consideration, either express or implied, must appear to give validity to a lease as a contract, and this must be either a good consideration, as natural affection, or valuable, as money or rent reserved. 1 Taylor's Landlord and Tenant [8 Ed.], p. 162, sec. 152. (4) The instrument relied on by appellant, if it be a valid lease, gives appellant the use of the land of Smith for a term of thirty years, and obliges Oliver to do nothing

in the way of paying rent, for no rent is reserved except as measured by future acts of Oliver, the performance or nonperformance of which the instrument leaves to his mere pleasure. In such a contract the burden is all on one side; the advantage all on the other. In itself it is so unequal and unconscionable as demonstrates such gross imposition or undue influence as calls for equitable relief on the ground of fraud. 1 Story's Eq. Juris. [13 Ed.], p. 201, sec. 188, and p. 256, sec. 246. (5) In this case the unconscionable character of the contract evidenced by the terms of the instrument asked to be set aside is coupled with divers other facts, which, either in themselves or in connection with the unconscionable nature of the contract, are evidence of fraud and call for equitable relief. (6) Evidence of similar transactions concurrent, and so connected as to show a general purpose of fraud, is admissible to sustain a charge of fraud. Bigelow on Fraud, p. 160, sec. 5. (7) And on a question of fraud, evidence of subsequent conduct of the party charged with fraud, in relation to the subject of the fraud, is admissible. Bigelow on Fraud, p. 150. (8) Upon a question of fraud, the evidence should embrace all the facts and circumstances which go to make up the transaction, disclose its true character, and explain the acts and intentions of the parties. Bigelow on Fraud, p. 147.

BRACE, J.—This is an action of ejectment, in which the plaintiff claims the right to recover possession of the premises on the following instrument of writing:

"This lease, made and entered into this sixteenth day of February, A. D. 1887, by and between Henry Smith, of the county of Franklin and state of Missouri, party of the first part, and John Oliver, party of the second part:

"Witnesseth, that the said party of the first part for and in consideration of the covenants and agreements hereinafter mentioned does by these presents lease to the said party of the second part, his heirs, administrators and assigns for a term of thirty years commencing on the ninth day of March, A. D. 1887, the following described lot, tract or parcel of land lying, being and situate in the county of Franklin and state of Missouri, to wit:   A strip of land three hundred feet wide, and extending eastwardly and westwardly entirely across the premises of the said first party hereto, and lying along and fronting upon the south line of the right of way of the St. Louis, Kansas City and Colorado Railroad (said parcel of land following the meanderings of the south line of said railroad through the premises of the said first party), excepting one square acre directly in front of the dwelling house of the said first party, for the following purposes, to wit:

"To establish and maintain manufactories thereon, to dig and quarry stone or other mineral substances therefrom, and to manufacture therefrom such material, substance or other thing as to said John Oliver may seem fit and proper.   The said John Oliver, his executors, administrators and assigns to pay to the first party, his administrators or assigns, as rent for said premises the sum of $1 per car load, for each and every car load of material or other product thereof shipped from off said premises by the said John Oliver or his representatives or assigns during the term of this lease. The payment thereof to be made quarterly, beginning from the date of the first shipment made from off said premises by the said second party.   It it further understood and agreed that the first party hereto shall use his personal influence with the said railroad company, or its successors, to have switches or side tracks built

upon said premises for the use and benefit of the second party hereto, in the enjoyment of this lease.

"It is further understood by and between the parties hereto that if at any time after works or manufactories have been established upon said premises by the said second party or his assigns the first party should desire to sell said premises he shall first offer the same to the said John Oliver, his representatives or assigns, and if upon so doing he or they shall, within sixty days thereafter, pay to the said first party the sum of $50 per acre therefor, the first party shall execute and deliver a deed in fee therefor to the said second party or his representatives or assigns.

"It is further understood that the second party or his representatives or assigns shall have the right to build and construct railways and switches upon, over and across the one acre of ground above reserved by the first party.

"It is further understood that the first party shall have the right of way over and across the premises hereby leased; it is further agreed that the first party may cultivate such parts of said premises as may not be used or needed by the second party for the purposes of this lease, but possession is to be delivered up to the second party when demanded for the purpose of this lease.

"In witness whereof we have hereunto set our hands and seals this sixteenth day of February, A. D. 1887.

"HENRY SMITH.    [SEAL]
"JOHN OLIVER.    [SEAL]"

The answer was a general denial and a plea in the nature of an equitable defense, the substance of which is, that said lease was obtained by the plaintiff from the said Smith by fraud and undue influence, and that the contract was a hard and unconscionable one and

plaintiff is estopped by his conduct from asking its performance.

The court found that the said Smith executed said instrument; "that said contract is executory in its nature and no consideration passed therefor;" "that, after the execution of said lease, the plaintiff herein joined a certain lime pool and agreed thereby not to work said mineral lands so leased by him, for a term of two years, accepted large sums of money therefor, and wholly failed to pay defendant Smith any sum whatever on the amounts realized by him, and these transactions last aforesaid were illegal and fraudulent as to said Smith and worked a forfeiture of said lease; that the defendant Henry Smith thereafter by warranty deed sold all his lands first herein mentioned to his codefendant, Chas. W. Goetz, and that said Goetz thereupon erected large and costly lime kilns on the lands so leased by plaintiff as aforesaid, and is working the same, and that said Goetz purchased said lands from said Smith with full knowledge of the lease formerly obtained by plaintiff and became substituted to the rights and equities of said Henry Smith.

"Wherefore, it is adjudged and decreed by the court that the said lease from Henry Smith to plaintiff Oliver be declared wholly fraudulent and void, and the same be canceled and for naught held, and that judgment herein be rendered for defendants."

The court failed to find from the evidence that the contract was procured by fraud or undue influence, and, after carefully reading the great mass of evidence, relevant and irrelevant, contained in this record, we also fail to find that it was so procured. The evidence tends to prove that at the time the contract was made the defendant Smith was the owner, in possession of, and residing upon, a farm in Franklin county containing about fifty-five acres, of which the land in contro-

versy formed a part; that after the contract was made he continued to reside upon his farm as before until the sale to Goetz in July, 1890, and afterwards as tenant of Goetz; that the land described in the contract was a limestone bluff, of about five acres, on Smith's farm on the line of said railroad; that on the day of the contract Smith gave the plaintiff permission to take from said land or any other part of his premises, such specimens of rock as the plaintiff might choose to select, for the purpose of testing its qualities; that the plaintiff did on that day take away some specimens of the rock from the premises, and afterwards hauled away a wagon load or two of such specimens for that purpose; that, from the date of the contract until the institution of this suit on the twenty-ninth of September, 1890, the plaintiff never entered upon the premises, except as hereinbefore stated, for the purpose of establishing manufactories thereon, or for the purpose of quarrying stone or other mineral substance therefrom for manufacture, or demanded possession of the same for such, or any other purpose; that, on the tenth of July, 1890, the said Smith, without any notice to the plaintiff, sold and conveyed by warranty deed his farm, including the premises in controversy, to the defendant Goetz, who, with full knowledge of the lease to plaintiff, immediately entered into the possession thereof, and was in possession of the same when this suit was brought, quarrying and taking rock therefrom for the purpose of manufacturing lime at his factory and kilns erected partly on the premises and partly on the right of way of said railroad.

It further appears from the evidence that the plaintiff, within less than one year after the making of said contract, to wit, on the sixth day of February, 1888, entered into a contract with certain other manufacturers of lime by which he, in effect, bound himself not

to establish or maintain the factories or carry on the business contemplated in the contract with Smith, for the period of three years from that date, and, to secure the performance of the obligations on his part, assigned said lease to his associate in that contract. Of this action of plaintiff Goetz had full knowledge, but it does not appear that Smith had any notice thereof before the sale and conveyance to Goetz.

The rights of the plaintiff in this action must be measured by the terms of the written contract herein set out, regardless of the motives which may, or may not, have induced him to enter into it. In ascertaining those rights, the intention of the parties, as it may be read upon the face of the whole instrument, is to govern, rather than the technical form of the instrument itself. Applying this principle to the contract in hand, while the first paragraph contains apt words for a present demise for a term of thirty years, commencing on the ninth day of March, 1887, yet, when that paragraph is read in connection with the other provisions of the contract, it is apparent that it was not intended that immediately upon the execution thereof the plaintiff was to give the right of exclusive possession of the premises for that term, or that he was to have the right of exclusive possession thereof at any time thereafter during said term except for the specific purpose set out in the contract. The evident meaning of the contract is, that Smith should remain in the possession of the premises, just as he was before its execution, until such reasonable time thereafter as might be necessary to enable the plaintiff to commence the operations contemplated in the contract, and, when ready to commence, possession of the premises for the purpose of the contract was to be delivered to the plaintiff on demand, and for those purposes only.

The contract was made as upon a fact established

that the premises and the material thereon was suitable for the purposes to which it was to be devoted under the contract. The carrying away of specimens of such material for the purpose of testing its qualities by the plaintiff, with Smith's permission, can not be tortured into a delivery of the possession of the premises for the purposes for which it was alone to be delivered. The plaintiff never was in possession of the premises under the contract, never demanded possession thereof for the use contemplated therein, and not only failed for a reasonable time thereafter before the sale by Smith to Goetz to put himself in a position to make such demand, or entered thereon for such use, but, on the contrary, after failing to do so for nearly a year after the contract was made, effectually tied his own hands in this respect, by entering into a contract with others not to make such use thereof for three years thereafter. And, after having thus failed for three years and a half to perform any of the essential obligations on his part, which gave consideration to the contract, he now seeks to obtain the benefits thereof by this action. He can not do so in a court of law, even though the powers of a court of equity had not been invoked. A reasonable time for the demand upon his part for the possession of the premises for the use which he promised to make of them, and for an entry by him thereon, for the purposes contemplated in the contract had long expired, before this suit was brought, and the plaintiff can not maintain his action in ejectment therefor.

The judgment of the circuit court is for the right party, and is affirmed, except that it will be modified so as to be a plain judgment in ejectment for the defendant. All concur, except BARCLAY, J., not sitting.